UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MCDOWELL,<br><br>  Plaintiff,<br>  v.<br>COUNTY OF LASSEN,<br><br>  Defendant. | No. 2:23-cv-01007-DJC-DMC<br><br>ORDER |

Pending before the Court is Defendant's Motion to Dismiss the first cause of action in Plaintiff's First Amended Complaint ("FAC"). (ECF No. 5.) A hearing was held on September 14, 2023, and the matter was submitted. Having considered the Parties' briefings and arguments, the Court hereby GRANTS Defendant's Motion. Plaintiff is granted leave to amend the FAC within 30 days.

## BACKGROUND

Plaintiff Timothy McDowell was hired as a correctional officer for the Lassen County Sheriff's Office in July 2016. (FAC (ECF No. 4) ¶ 9.) Plaintiff, who is of African American descent, alleges he was frequently subjected to derogatory slurs and offensive use of the "N" word by his supervisor and co-workers, was unfairly targeted for discipline at a higher rate than his Caucasian counterparts, and was repeatedly denied promotion to a patrol position despite his positive employment reviews,

experience, and excellent performance at the police academy.  (*Id*. ¶¶ 12–21.)  Plaintiff alleges this treatment led to a complaint being filed on his behalf against his supervisor, Sergeant Morberg, which led to an investigation and determination that Sergeant Morberg was treating Plaintiff differently because of his race.  (*Id*. ¶ 20.)  After this investigation, Plaintiff was promoted to a patrol position on or about January 16, 2022.  (*Id*. ¶ 22.)

Two days later, on January 18, Plaintiff was placed on administrative leave for conduct that allegedly occurred while he was a correctional officer.  (*Id*. ¶¶ 22–23.)  Following an investigation and *Skelly* hearing, Plaintiff received a notice of intent to uphold his termination on June 8, 2022.  (*Id*. ¶¶ 23–24.)  In accordance with the Lassen County Personnel Rules and Regulations, specifically Rule 328 (referred to simply as Rule 328 in this Order), Plaintiff submitted a written request for a post-termination evidentiary hearing within 10 days of the notice of termination to the County Personnel Director.  (*Id*. ¶¶ 25–26.)  Plaintiff alleges the Personnel Director ignored his request and he never received a post-termination hearing.  (*Id*. ¶¶ 26–27.)

Plaintiff filed suit on May 26, 2023, alleging (1) deprivation of his rights and due process under 42 U.S.C. § 1983; and (2) unlawful discrimination under the California Fair Employment and Housing Act, codified at California Government Code § 12940 *et seq*.  As to the first cause of action, Plaintiff seeks to impose liability against Defendant, Lassen County, for allegedly denying Plaintiff a post-termination hearing and a discrimination-free workplace.  (FAC ¶ 29.)   Plaintiff alleges that his rights were denied as a result of a "custom, practice and policy of the County of Lassen," and that the discriminatory conduct was "condoned, ratified, and sanctioned" by the County Personnel Director "who was the official with the final policy-making authority as it related to granting or denying minorities the right to post-termination evidentiary hearings" and "the official with final policy-making authority who ratified the racial discrimination of the Lassen County Sheriff's office."  (*Id*. ¶¶ 30–33.)

////

Defendant moves to dismiss the first cause of action, arguing (1) the County Personnel Director is not a final policymaker for purposes of section 1983, and (2) Plaintiff does not adequately state a claim for an unconstitutional policy, practice, or custom under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (Mot. Dismiss (ECF No. 5) at 5–8.)  Defendant also requests the Court take judicial notice of (1) the Lassen County Code of Ordinances, and (2) the Lassen County Personnel Rules and Regulations.  (Req. for Jud. Notice ("RJN") (ECF No. 5-2) at 2.)

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id.* at 679.

////

These same standards apply to claims against municipal governments under section 1983. *AE v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). A plaintiff's allegations "may not simply recite the elements" of a claim under *Monell*. *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). Rather, the complaint must "contain sufficient allegations of underlying facts to give fair notice" of the claims and allow the municipal government "to defend itself effectively." *Id.* (quoting *Starr*, 652 F.3d at 1216). The plaintiff's allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216).

## DISCUSSION

To establish a municipality's liability under section 1983 based on *Monell*, "a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). Liability under *Monell* may be premised on: (1) conduct pursuant to a formal or expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegating that authority to, or ratifying the decision of, a subordinate. *See Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008); *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014).

**I.      Request for Judicial Notice**

Pursuant to Federal Rule of Evidence 201, courts shall take notice, when requested and provided with sufficient information, of facts that are not subject to

reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Matters of public record are generally subject to judicial notice. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

Defendant requests this Court take judicial notice of the Lassen County Code of Ordinances and Personnel Rules and Regulations in their entirety, providing links to the online versions of both. (RJN at 2.) Plaintiff challenges this request, arguing Defendant does not identify the specific ordinances or personnel rules it wishes the Court to consider with sufficient particularity under Federal Rule of Evidence 201. (Opp'n (ECF No. 6.) at 7–8.) Defendant responds by supplying copies of the specific ordinance, Lassen County Code of Ordinances § 2.36.020, and Rule 328, cited in its opening brief which were the "same provisions the parties discussed during their required meet and confer conference." (Reply (ECF No. 7) at 3 n.1).

As matters of public record, these are proper subjects for judicial notice. *See Tollis Inc. v. Cnty. of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice."); *Madani v. Cnty. of Santa Clara*, No. 16-CV-07026-LHK, 2017 WL 1092398, at *4 (N.D. Cal. March 23, 2017) (taking judicial notice of the rules and procedures for the county personnel board). Accordingly, the Court will take judicial notice of Lassen County Code of Ordinances § 2.36.020 and Rule 328.

Plaintiff also references Lassen County Personnel Rules and Regulations 1.03 (referred to as simply Rule 1.03 in this Order) in his Opposition without requesting the Court take judicial notice of this rule. However, as Rule 1.03 is also a matter of public record, and not subject to reasonable dispute, the Court will take judicial notice of Rule 1.03 as well. *See* Fed. R. Evid. 201(c)(1) (the court may take judicial notice on its own motion).

////

////

## II. County Personnel Director as a Final Policymaker

A municipality may be held liable for the acts of a final policymaker if these acts cause a constitutional violation, even if the violation occurs only once. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478, and n.6 (1986). Municipal liability does not attach unless "the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policy-making official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Id.* at 481–82. Thus, "[t]o hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action . . . at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000) (quoting *McMillian v. Monroe Cnty. Ala.*, 520 U.S. 781, 785 (1997)). "Whether a particular official has final policy-making authority is a question of state law." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988).

Plaintiff contends the County Personnel Director serves as an official policymaker for Defendant, such that Defendant is directly liable under section 1983 for: (1) denying Plaintiff's request for a post-termination hearing, and (2) ratifying racial discrimination in the Sheriff's Office by denying this request. (FAC ¶ 32.) Defendant argues the Personnel Director is not an official policymaker regarding post-termination hearings because Lassen County Code of Ordinances § 2.36.020 "leaves no ambiguity about the Board of Supervisors' status as the final policy-makers in the area of employment for the County" as they adopt, establish, and revise the Lassen County Personnel Rules and Regulations. (Mot. Dismiss at 6.) Further, under Rule 328, the Personnel Director is the designated recipient of requests for post-

termination hearings, but "[t]here is no indication in the language of this rule that he has the authority to make a final decision or set policy on disciplinary appeals." (*Id.*)

Plaintiff counters that the Board of Supervisors delegated final decision-making authority concerning disciplinary appeals to the Personnel Director, relying on *Hunter v. Town of Mocksville*, 897 F.3d 538, 557 (4th Cir. 2018) (in determining whether an individual is an official with final decision making authority, courts should consider "(1) whether the official is constrained by policies of other officials or legislative bodies; (2) whether the official's decisions on the issue in question is subject to meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority." (quoting *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 676 (7th Cir. 2009))). Specifically, Plaintiff argues (1) there is no policy which constrains the Personnel Director in interpreting and acting upon an employee's request for a post-termination hearing, (2) the Personnel Director was not subject to any meaningful review if he failed to timely act upon a request for a post-termination evidentiary hearing, and (3) Rule 1.03 states that "the Personnel Director shall be responsible for the interpretation of these rules in cases where the proper application of a rule or any portion thereof is not clearly ascertainable" which grants the Personnel Director the authority to not to act upon Plaintiff's request for a post-termination evidentiary hearing.

Rule 328, along with Rule 1.03, clearly delegates discretion to the Personnel Director to receive notices requesting post-termination hearings and arrange these hearings. The Complaint alleges that the Personnel Director failed to comply with the requirements of Rule 328 when he received Plaintiff's request and did not respond or arrange a hearing. The Court agrees with Defendant, however, that nothing in the plain text of Rule 328 suggests the Personnel Director has the authority to make final determinations or policy concerning post-termination hearings. Rule 328 states an "employee shall have up to ten (10) working days from the effective date of the discipline to notify the Personnel Director that he/she wants the matter heard before a

Hearing Officer. The request shall be in writing and shall contain the grounds for the appeal." Rule 328(d). Further, the rule states "[s]hould the employee choose to have the matter heard before a Hearing Officer, the parties shall jointly request a list of five neutrals from the State Conciliation Service . . . and shall select a name from the list and shall notify the State Conciliation Service of the name of the selected Hearing Officer." Rule 328(e). Thus, the language of Rule 328 is clear about the steps that "shall," i.e., must, be followed by both parties "[s]hould the employee choose to have the matter heard before a Hearing Officer." Rule 328(e). The rule does not imply any decision-making authority on the Personnel Director's part concerning disciplinary action or post-termination hearing proceedings. Indeed, it appears to be the Hearing Officer, not the Personnel Director, who is tasked with passing final judgment on the disciplinary action, and the Hearing Officer's judgment is subject to review only by the Board of Supervisors. Rule 328(e). Thus, as argued by Defendants, the Personnel Director's involvement in post-termination appeals appears to be primarily "administrative and procedural," not that of a policymaker. (Mot. Dismiss at 6; Reply at 4;) *see also Schiff v. City & Cnty. of San Francisco*, 816 F. Supp. 2d 798, 813 (N.D. Cal. 2011), *aff'd*, 528 F. App'x 743 (9th Cir. 2013) ("[T]he final policymaker for personnel matters . . . is free to delegate broad operational authority . . . without turning [the delegate] into a 'final policymaker' for purposes of municipal liability.").

To state a *Monell* claim through delegation, a plaintiff must plead that an official with policymaking authority delegated "final policymaking authority over the decisions at issue" as opposed to merely delegating discretion to act. *Ulrich v. City & Cnty. of S.F.*, 308 F.3d 968, 985 (9th Cir. 2002); *see also Christie v. Iopa*, 176 F.3d 1231, 1236 (9th Cir. 1999). For example, in *Hunter*, the court found that defendant, a town manager, was a final policymaker and could be held liable for plaintiffs' wrongful termination when state law dictated that town managers "shall appoint and suspend or remove all city officers and employees not elected by the people . . . in accordance with such general personnel rules, regulations, policies, or ordinances as the [town]

council may adopt." 897 F.3d at 556–58. The Court concluded that the use of the word "may" indicated that the law contemplated town councils could decline to adopt personnel rules and regulations altogether, and that the town council had indeed declined to adopt a written personnel policy or any formal grievance procedure. *Id.* at 556. Instead, the town council adopted a personnel ordinance stating that all town personnel positions would be "at the will of" the town manager, thereby conferring "unconstrained authority" on the town manager to define nearly all terms of employment for town personnel. *Id.* at 556–57. Here, by comparison, the Personnel Director was not delegated authority to dictate the terms for disciplinary procedures. Rather, the Board of Supervisors expressly set forth the disciplinary procedures in Rule 328, and only delegated authority therein to the Personnel Director to receive notices requesting post-termination hearings and schedule said hearings, nothing more.

This conclusion is further supported by the language of Rule 1.03, which states that "the Personnel Director shall be responsible for the interpretation of these rules" but that "[w]hen such interpretation is required, the result shall be in harmony with the objectives set forth [in Rule 1.02]." "When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the act of the municipality." *Praprotnik*, 485 U.S. at 127. The Personnel Director's discretion in interpreting the rules is thus constrained by the policy objectives set forth by the Board of Supervisors in Rule 1.02, as well as by the language in Rule 328.

Thus, Plaintiff has failed to establish the Personnel Director is a final policymaker concerning post-termination hearings for the purposes of *Monell*.

### III.  Unconstitutional Policy, Practice, or Custom under *Monell*

Liability under *Monell* may be based on an express policy, i.e., "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Monell*, 436 U.S. at 690. The Supreme Court has also held that "a plaintiff may be able to prove the existence of a widespread practice that, although not authorized by

9

written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage with the force of law.'" *Praprotnik*, 485 U.S. at 127 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)).  A few "isolated or sporadic incidents" are not enough to prove a municipality has an unconstitutional custom or practice.  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Rather, a practice or custom must have "sufficient duration, frequency and consistency" that it has "become a traditional method of carrying out policy."  *Id*.  "Proof of random acts or isolated events are insufficient to establish custom."  *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Here, Plaintiff alleges his rights were violated as a result of "the custom, practice and policy of the County of Lassen of denying [him] a post-termination evidentiary hearing.  The custom and practice of the County of Lassen to discriminate against its employees based upon race and deny post-termination evidentiary hearing is a deliberate indifference to the rights of minorities and their constitutional property interest in continued employment."  (FAC ¶ 30).

Defendant argues that that this is insufficient to establish a practice or policy as Plaintiff has not alleged other instances of Defendant similarly denying another employee a post-termination hearing due to race.  (Mot. Dismiss at 7–8.)  Defendant is correct; to allege a longstanding practice or custom which constitutes the standard operating procedure of a local government entity, plaintiffs must typically allege more than a single, isolated incident.  *See Meehan v. L.A. Cnty.*, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents were insufficient to establish *Monell* custom); *Lunn v. City of L.A.*, 629 F. Supp. 3d 1007, 1013 (C.D. Cal. Sept. 20, 2022) (granting motion to dismiss *Monell* claim based on policy, practice, or custom because the complaint only described one incident of unconstitutional activity); *Segura v. City of La Mesa*, No. 21cv565-JM-MDD, 2022 WL 17905529, at *5 (S.D. Cal. Dec. 23, 2022) (granting motion to dismiss *Monell* claim based on single instance of alleged unconstitutional

conduct). Plaintiff has only alleged one instance in which he was denied a post-termination evidentiary hearing.

Plaintiff does not rebut Defendant's point. Rather, Plaintiff argues he was denied a post-termination evidentiary hearing due to Defendant's policy as stated in Rule 328 which "fails to provide any directive to the Personnel Director or anyone at the County to act within the specified timeframe upon an employee's request for a hearing before a third-party neutral." (Opp'n at 11–12.) Plaintiff argues this failure makes Rule 328 unconstitutional on its face under *Barry v. Barchi*, 433 U.S. 55 (1979), and that the Personnel Director and Defendant, in applying this policy, unconstitutionally failed to act upon Plaintiff's request for a hearing. (Opp'n at 12.)

Plaintiff mentions Rule 328 in the FAC, (FAC ¶ 25,) but does not argue that it is an unconstitutional policy nor that it was the reason he was denied a post-termination evidentiary hearing. Rather, Plaintiff argues that he was "denied [] a post-termination evidentiary hearing because of his race, and that it is the policy and practice of the County of Lassen to discriminate against minorities, including African Americans, and to continue the discriminatory conduct/practice and custom by denying post-evidentiary hearing to minorities." (FAC ¶ 27.) "When ruling on a motion to dismiss, the focus of the Court is on the allegations of the Complaint. The Court may not consider new allegations and arguments raised in the opposition brief." *Winn v. Lassen Canyon Nursery, Inc.*, No. 2:10-CV-1030-JAM-CMK, 2010 WL 4688798, at *2 (E.D. Cal. Nov. 10, 2010). Thus, this Court will disregard Plaintiff's argument concerning Rule 328 for the purposes of this Motion, which Plaintiff may instead raise in an amended complaint.

This Court finds that Plaintiff has failed to sufficiently allege an unconstitutional policy, practice, or custom under *Monell*.

////

////

////

11

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED Defendant's Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff is granted leave to file an amended complaint within 30 days of this order.[1]

IT IS SO ORDERED.

Dated: __October 6, 2023__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – mcdowell23cv1007.MTD

---

[1] Plaintiff also requests leave to amend in order to add a cause of action under the Public Safety Officers Procedural Bill of Rights Act (Opp'n at 16 n.2.), which is granted.