SERENA M. WARNER, ESQ., SB No. 264799
  Email: swarner@akk-law.com
JACOB J. GRAHAM, ESQ., SB No. 340295
  Email: jgraham@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants COUNTY OF LASSEN and RICHARD EGAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MCDOWELL,<br><br>                Plaintiff,<br><br>vs.<br><br>COUNTY OF LASSEN, et al.,<br><br>                Defendants. | Case No.: 2:23-cv-01007-DJC-DMC<br><br>**STIPULATED PROTECTIVE ORDER** |

    WHEREAS, Plaintiff TIMOTHY MCDOWELL seeks documents that contain information by and about current and former employees of Defendant COUNTY OF LASSEN ("Defendant") regarding their private personnel matters, collectively referred to as "THE PARTIES"

    WHEREAS, DEFENDANT agrees that some documentation containing current and former employee personnel information is sufficiently relevant to this litigation to warrant production, subject to the confidentiality limitations outlined in this stipulated protective order;

    WHEREAS, PLAINTIFF agrees that some documentation containing his private medical information is sufficiently relevant to this litigation to warrant production, subject to the confidentiality limitations outlined in this stipulated protective order;

    WHEREAS, the PARTIES do not intend this protective order to be an agreement to

produce all documents containing private personnel or medical information requested by another party, but rather each Party will assess each such request on a case by case basis.

THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL HEREBY STIPULATE:

1. That by agreeing confidential documents may be produced, parties do not waive objections as to attorney-client privilege, attorney work-product, and other privileges which may apply, and do not waive the privacy rights of any third parties;

2. THE PARTIES will designate the documents subject to this stipulation as "confidential." The failure to designate other documents as confidential which should be confidential by inadvertence does not prejudice a party's right to later designate a particular document as such, specifically including documents that were produced prior to entering into this agreement;

3. Except as stated below, the parties will not disclose the confidential documents, or information contained in the documents subject to this stipulation to anyone but counsel; employees of counsel; experts or consultants; vendors or photocopying services (and their employees); the Court, the jury, personnel and court reporters; a mediator or other retained neutral; or in the context of a deposition of a witness in this case.

4. The documents may be used in trial but reasonable efforts to preserve confidentiality shall be taken, including in documents submitted to the Court;

5. Parties agree that the documents produced in this litigation subject to this stipulation are not to be disclosed or used for any purpose outside of the instant litigation;

6. Nothing contained in this protective order shall preclude any party from seeking or obtaining, upon an appropriate showing, additional protection with respect to any document, information or other discovery material;

7. Notwithstanding anything to the contrary, any party may challenge the confidential designation or bring before the Court at any time the question of whether any particular document is confidential or whether its use should be restricted; the burden of proof shall be on the party seeking the confidential designation;

8. Nothing herein shall impose any restrictions on the use or disclosure of material

obtained independent of discovery in this action, whether or not such material is also obtained through discovery in this action. This applies, but is not limited to, information disseminated or obtained pursuant to the California Public Records Act (Cal. Gov. Code § 6250 et seq.);

9. This protective order shall remain in effect for the duration of this action unless terminated by a written stipulation or by Court order. Insofar as they restrict the disclosure, treatment, or use of the information subject to a protective order, the provisions of this protective order shall continue to be binding after the termination of this action, unless the Court orders otherwise;

10. Within 60 days of the conclusion of the litigation, all documents subject to this stipulation and any copies of documents identified as "confidential" in the possession of the PARTIES will be destroyed; except that counsel may retain an archival copy;

11. After the termination of this action, the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of the documents produced pursuant to this protective order.

Dated: January 31, 2025                ANGELO, KILDAY & KILDUFF, LLP

                                       */s/ Jacob J. Graham*
                                       By:_____
                                       SERENA M. WARNER
                                       JACOB J. GRAHAM
                                       Attorneys for Defendants COUNTY OF
                                       LASSEN and RICHARD EGAN

Dated: January 31, 2025                ASBILL LAW GROUP, APLC

                                       */s/ Natalia D. Asbill*
                                       *(as authorized on 1.31.25)*
                                       By:_____
                                       NATALIA D. ASBILL
                                       Attorneys for Plaintiff TIMOTHY
                                       MCDOWELL

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order. IT IS SO ORDERED.

Dated: February 5, 2025

_____
DENNIS         M.         COTA
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United Stated District Court, Eastern District on _____ [date] in the case of *McDowell v. County of Lassen,, et al.,* No. 2:23-cv-01007-DJC-DMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court of California, County of Sacramento for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____